# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 11-cv-02435-WJM

NATIONAL ASSOCIATION OF INVESTORS CORPORATION, a Michigan non-profit corporation

    Plaintiff

v.

BIVIO, Inc., a Delaware corporation
BIVIO SOFTWARE ARTISANS, Inc., a Colorado corporation,
ROBERT NAGLER, an individual

    Defendants.

---

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO FILE AN AMENDED COMPLAINT

---

Plaintiff National Association of Investors Corporation ("Plaintiff") brings this action against Defendants Bivio, Inc, Bivio Software Artisans, Inc., and Robert Nagler (collectively "Defendants") alleging various state law contract claims as well as two anti-trust claims under the Sherman Act, 15 U.S.C. § 1 *et seq*.  (Compl. (ECF No. 1) at 5-9.) Before the Court is Defendants' Motion to Dismiss ("Motion").  (ECF No. 6.)  For the reasons set forth below, the Motion is granted in part and Plaintiff's request for leave to file an amended complaint is granted.

## I.  LEGAL STANDARD

Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1), (3), (6), and (7).  However, the Court's ruling in this Order examines

only Defendants' arguments with respect to whether Plaintiff has stated a claim upon which relief could be granted, as required by Rule 12(b)(6). Therefore, the only relevant legal standard is that for a Rule 12(b)(6) motion.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir.2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999) (citation omitted).

## II. FACTUAL BACKGROUND

The relevant facts, as pled in Plaintiff's Complaint, are as follows:

In March 2010, Plaintiff brought suit against Defendants in this Court for breach of contract alleging that Bivio breached a 2006 Strategic Alliance Agreement (the "Original Action"). (Compl. ¶ 11.) On August 2, 2011, the parties attended a settlement conference with U.S. Magistrate Judge Michael E. Hegarty. (*Id.* ¶ 13.) At the settlement conference, the parties agreed to resolve their dispute and signed a

"Material Terms of Settlement Agreement" contract ("MTSA").  (*Id.*)  Paragraph 7 of the MTSA stated: "The parties agree to a mutual nondisparagement clause."  (Compl. Ex. A.)  Paragraph 8 of the MTSA provided that the parties shall cooperate in the preparation of a formal settlement agreement.  (Compl. ¶ 15.)  The Original Action was dismissed based on this settlement.  (*Id.* ¶ 23.)

After the settlement conference, the parties attempted to negotiate the terms of the formal settlement agreement.  After exchanging drafts, the parties agreed on all terms except the text of the non-disparagement clause.  (*Id.* ¶ 17.)  The failure to agree on a non-disparagement clause has prevented execution of the formal agreement.  (*Id.* ¶ 21.)

On these facts, Plaintiff brings the following claims: (1) breach of contract; (2) declaratory relief; (3) intentional interference with contract; (4) attempted monopolization in violation of Section 2 of the Sherman Act; and (5) conspiracy to restrain trade in violation of Section 1 of the Sherman Act.  (Compl. pp. 5-9.)  Plaintiff seeks damages in the amount of $160,000 (the amount Defendant was to pay pursuant to the terms of the MTSA), a declaration that Defendants' obligations under the MTSA are binding, punitive damages against Defendant Nagler, and costs and fees.  (*Id.* at 9.)

Shortly before this action was filed, Defendants filed a declaratory judgment action in Boulder County District Court against Plaintiff and ICLUB, a wholly-owned subsidiary of Plaintiff who was a party to the Original Action.  (ECF No. 6-1.)  The Boulder County action seeks a declaratory judgment regarding the parties' obligations under the MTSA.  (*Id.* at 2.)

### III.  ANALYSIS

Defendants raise the following arguments in the Motion: (1) Plaintiff's Complaint fails to state a claim for Sherman Act violations; (2) Plaintiff's Complaint fails to establish that its claims meet the $75,000 minimum for federal diversity jurisdiction; (3) Plaintiff's Complaint fails to name an indispensible party, ICLUB, whose participation would destroy diversity jurisdiction; and (4) the Court should abstain from exercising its jurisdiction over this matter pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976).

**A.   Sherman Act Claims**

Plaintiff's Complaint brings two anti-trust claims under the Sherman Act: (1) Count IV—Attempted Monopolization in violation of Section 2; and (2) Count V—Conspiracy to Restrain Trade in violation of Section 1.  (Compl. at 7-8.)  The Court will address each of these claims in turn below.

    1.   <u>Attempted Monopolization</u>

Plaintiff alleges that Defendants violated Section 2 of the Sherman Act by attempting to force Plaintiff to enter into a settlement agreement that contained an anti-competitive non-disparagement clause.  (Compl. ¶¶ 42-46.)

Section 2 of the Sherman Act prohibits monopolization or attempted monopolization of any part of interstate trade or commerce.  15 U.S.C. § 2.  In this circuit, a plaintiff bringing an attempted monopolization claim must allege the following: (1) that the defendant has engaged in predatory or anti-competitive conduct; (2) with a specific intent to monopolize; and (3) a "dangerous probability" of achieving monopoly

power.  *Christy Sports LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1992 (10th Cir. 2009).  The third element requires consideration of "the relevant market and the defendant's ability to lessen or destroy competition in that market."  *Id*.

Plaintiff's allegations of anti-competitive conduct appear in paragraphs 18 and 19 of the Complaint:

> 18.  NAIC takes the position that any non-disparagement clause in the definitive agreement must have an element of falsity — because in the absence of such a falsity element, NAIC could not carry out its mandate.  In one example of Bivio's refusal to cooperate, Bivio refused to consider NAIC's concerns that any disparagement clause had to allow NAIC to make truthful comments to its members — especially if Bivio did something to jeopardize its members.  On August 30, 2011, NAIC made the underlined comments below on the non-disparagement section:
>
>> Non-Disparagement.  No Party, nor its officers, directors, employees, agents or affiliates, shall at any time directly or indirectly, orally, in writing or through any other medium, make any statements, assertions or allegations concerning any other Party or its products which are disparaging and false.  This paragraph was is not intended to restrict honest and fair competition between bivio and ICLUB. [Note — we need some qualified here — because otherwise the provision is a S. 1 violation of the Sherman Act.  Restrictions against comparative advertising are per se illegal where the parties have market power.  Also, what happens if bivio (or NAIC) steals money from customers or does something else egregious?]
>
> 19.  Another example of Bivio's breach of paragraph 8 of the MTSA, is the fact that Bivio insisted on a per se illegal prohibition of truthful advertising between ICLUB and Bivio — even though together these entities have in excess of 80% of the Relevant Market.  NAIC and ICLUB take the

> position that making truthful statements about a competitor's
> products, even if negative, is a required element of
> competition — and that any prohibition on such truthful
> statements violated the Sherman Act.

(Compl. at 4-5.)

The Court finds it difficult to determine whether these allegations state a Section 2 claim because these two paragraphs are confusing and contradictory. Plaintiff alleges that Defendants demanded a *per se* illegal non-disparagement clause because Defendants wanted to prohibit truthful advertising. (Compl. ¶ 19.) However, the only example of language proposed by Defendants—the non-underlined section of the second paragraph in ¶ 18—appears to allow truthful advertising. In this section, Defendants proposed that the parties agree not to make any "statements, assertions, or allegations" against the other party that are both "disparaging and false." (Compl. ¶ 18.) Defendants also proposed that the non-disparagement clause was "not intended to restrict honest and fair competition." (*Id*.) Defendants' proposed language would not prohibit truthful advertising, even if it is disparaging.

Thus, the Court finds that Plaintiff has failed to plead sufficient facts showing that Defendants engaged in anti-competitive conduct by demanding that Plaintiff enter into an agreement that contained a non-disparagement clause that would prohibit truthful comparative advertising. To the extent Plaintiff is alleging that the proposed language quoted in ¶ 18 is anti-competitive, Plaintiff has failed to cite authority showing that an agreement not to make false statements about a competitor would violate the Sherman Act.

Because Plaintiff's Complaint fails to allege that Defendants engaged in anti-

competitive conduct, the Court finds that the Complaint fails to state a claim for violation of Section 2 of the Sherman Act.  In its Opposition to the Motion to Dismiss, Plaintiff requests that it be granted leave to amend if the Court decides to grant the Motion with respect to Plaintiff's Sherman Act claims.  (ECF No. 7 at 4.)  The Tenth Circuit has held that the Court "may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint."  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).  Because the Court cannot say that permitting the filing of an amended complaint would be futile in this case, Plaintiff's request to amend its Complaint is granted with respect to its Section 2 claim.

    2.    <u>Conspiracy to Restrain Trade</u>

Plaintiff alleges that Defendants violated Section 1 of the Sherman Act by attempting to form a conspiracy to restrain trade through Defendants' alleged insistence on a "*per se* unlawful agreement to limit competition." (Compl. ¶¶ 47-51.)  Section 1 of the Sherman Act provides as follows:

> Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States or with foreign nations, is declared to be illegal.

15 U.S.C. § 1.

Defendant moves to dismiss this claim and argues that Plaintiff has failed to allege a contract, combination or conspiracy sufficient to state a claim for a Section 1 violation.  (ECF No. 6 at 3.)  An essential element of any Section 1 claim is a showing of concerted action.  *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 767-68 (1984).  That is, Section 1 applies only to agreements between two or more

businesses or persons; it does not cover unilateral conduct. *Fisher v. City of Berkeley*, 475 U.S. 260, 266 (1986) ("Even where a single firm's restraints directly affect prices and have the same economic effect as concerted action might have, there can be no liability under § 1 in the absence of agreement."); *See also Monsanto Co. V. Spray-Rite Serv. Corp.*, 465 U.S. 752, 761 (1984) (noting that it is fundamental that a plaintiff establish an agreement between two or more persons to restrain trade; unilateral conduct is not prohibited by § 1); *Gregory v. Fort Bridger Rendezvous Ass'n*, 448 F.3d 1195, 1200 (10th Cir. 2006) ("Section 1 has been interpreted as prohibiting only concerted, multilateral action.").

Plaintiff's Complaint alleges that Defendants' insistence on a non-disparagement clause that would prohibit truthful marketing was "an attempted conspiracy to restrain trade—in violation of Section 1 of the Sherman Act." (Compl. ¶ 50.) However, Plaintiff fails to cite—and the Court has been unable to locate—any authority showing that there is a cause of action for *attempted* conspiracy. Rather, the fact that Plaintiff alleges that the conspiracy was only attempted implicitly if not expressly shows that there was no actual concerted action. Accordingly, the Court finds that Plaintiff's Complaint fails to state a claim for a Section 1 violation. As with the Section 2 claim, the Court cannot say that it would be futile to allow amendment and, therefore, Plaintiff is granted leave to amend her Section 1 claim.

**B.     All Remaining Arguments**

Plaintiff alleges that the Court has jurisdiction over this matter under both the federal question doctrine, 28 U.S.C. § 1331, as well as based on complete diversity

between the parties pursuant to 28 U.S.C. § 1332.  The only federal claims in this action are Plaintiff's Sherman Act claims, which are discussed above, and which the Court has granted Plaintiff leave to amend.  The remainder of the arguments raised in Defendants' Motion assume that the Sherman Act claims have been dismissed by the Court.  If Plaintiff's amended complaint states a Sherman Act claim under either Section 1 or Section 2, Defendants' remaining arguments are likely moot.  Therefore, the Court declines to address these issues until it can determine fully and finally whether Plaintiff can state a claim under the Sherman Act.  Accordingly, all remaining arguments in Defendants' Motion to Dismiss are denied without prejudice to Defendants re-asserting these arguments in any subsequent motion.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.  Plaintiff's Sherman Act claims—Counts IV and V—are DISMISSED without prejudice.  Plaintiff is GRANTED leave to file an amended complaint consistent with this Order not later than May 29, 2012.

Dated this 15th day of May, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge